# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 02-1051

_____

| | | |
|---|---|---|
| United Steelworkers of America, AFL-CIO, Local 9452, | * * * | |
| Plaintiff - Appellee, | * * | |
| v. | * * | |
| MacSteel, Arkansas Division of Quanex Corporation, | * * * | |
| Defendant - Appellant, | * | Appeal from the United States |
| --------------------------- | * | District Court for the |
| MacSteel, Arkansas Division of Quanex Corporation, | * * | Western District of Arkansas. |
| | * | [UNPUBLISHED] |
| Plaintiff - Appellant, | * * | |
| v. | * * | |
| United Steelworkers of America, AFL-CIO, Local 9452, | * * * | |
| Defendant - Appellee. | * | |

_____

Submitted: April 18, 2003
Filed: June 19, 2003

_____

Before BOWMAN, RICHARD S. ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

This case arose out of a grievance filed by Everett Houck, an employee of MacSteel, Arkansas Division of Quanex Corporation (MacSteel), who claimed that on August 10, 2000, he requested and was denied a lunch break by his supervisor. The appellees, United Steelworkers of America and its local 9452 (USWA), alleged that a provision in the parties' collective bargaining agreement (the agreement) required that employees receive a twenty-minute lunch period. Following arbitration of the dispute, the arbitrator found that the denial of Houck's request for a lunch break on the date in question did not violate the agreement. However, the arbitrator also found that MacSteel "must ensure that [Houck], and all other bar straighteners, who work in his job, actually receive . . . a twenty minute lunch period . . . not . . . increments of time totaling twenty minutes." MacSteel Ark. Div. and United Steelworkers of Am., FMCS No. 01-04738 at 8 (May 28, 2001). USWA sued MacSteel to enforce the arbitration award. MacSteel also filed suit against USWA seeking to vacate that award. The District Court[1] entered an order enforcing the award, finding that the language in Houck's grievance was sufficiently broad to confer authority on the arbitrator to render the decision on the lunch-period provision in the agreement. MacSteel seeks to vacate the award on the basis that the arbitrator exceeded his authority by ruling on matters not before him (i.e., by ruling on whether employees could take their lunch period in increments).

In reviewing a district court's order confirming an arbitration award, we review the court's finding of facts for clear error and conclusions of law de novo. Boise Cascade Corp., v. Paper-Allied Indus. Chem. & Energy Workers (PACE), 309 F.3d 1075, 1080 (8th Cir. 2002). Our review of an arbitration award is extremely narrow. Trailmobile Trailer, LLC v. Int'l Union of Elec. Workers, 223 F.3d 744, 746 (8th Cir.

---

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

2000). If the arbitrator is arguably construing or applying an agreement, we cannot overturn the arbitrator's decision even if we are convinced that the arbitrator committed serious error. Id. (citing United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38 (1987)). We will vacate an arbitration award only if, for example, the award exceeds the arbitrator's power or if the award fails to draw its essence from the agreement. Id. at 747 (citation omitted). Having carefully reviewed the record, we are convinced that the arbitrator did not exceed his authority in determining the award and that the award draws its essence from the agreement. Accordingly, the judgment of the District Court is affirmed. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.